AO 106 (Rev. 7/87) Affidavit for Search Warrant

# United States District Court

DISTRICT OF DELAWARE

In the Matter of the Search of
(Address or brief description of property or premises to be seized)

Wilmington Trust Company
Account Number 24428745

APPLICATION AND AFFIDAVIT
FOR SEIZURE WARRANT

Case Number: 06- 104 M.

I, __Robert Delgado__ being duly sworn depose and say: I am a(n) __Special Agent, Internal Revenue Service,__ and have reason to believe that in the District of Delaware there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

currency totaling $73,950 held in Wilmington Trust Company Account No. 24428745

which is (state one or more bases for seizure under the United States Code)

property involved in, or fungible to, deposits structured to avoid currency reporting requirements in violation of Section 5324 of Title 31, and as such is subject to forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 981 and/or 984.

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT.

Continued on the attached sheet and made a part hereof.   X  Yes   ___ No

FILED
SEP 6 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Signature of Affiant
Robert Delgado
Special Agent
Internal Revenue Service

Sworn to before me, and subscribed in my presence

September 6, 2006                               at   Wilmington, Delaware
Date                                                 City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware
Name and Title of Judicial Officer                   Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT ROBERT DELGADO

I, Robert Delgado, a Special Agent for the Internal Revenue Service, being duly sworn, depose and state:

1. I am a Special Agent for the Internal Revenue Service (IRS) Criminal Investigation, United States Department of the Treasury. I have been employed by the IRS since August 1986 - nineteen years of which have been spent as a criminal investigator in Wilmington, Delaware. My responsibilities include investigating possible violations of the Internal Revenue laws (26 U.S.C. Section 7201, et. seq. and 6050I), the Bank Secrecy Act (31 U.S.C. Section 5311, et. seq.), the Money Laundering Control Act (18 U.S.C. Sections 1956 and 1957), and related offenses. I am empowered by law to investigate and to make arrests for offenses involving the structuring of currency deposits to evade the reporting requirements of Title 31, United States Code.

2. I have conducted or assisted in conducting numerous investigations of alleged criminal violations of the Internal Revenue laws, Bank Secrecy laws, and the Money Laundering laws. During my tenure as a Special Agent, I have attended many seminars at which I received training concerning the investigation and seizure of evidence relating to these violations. Unless otherwise stated, the information in this affidavit is either personally known to your affiant or has been provided to your affiant by other law enforcement officers and/or is based on a review of various documents and records as more particularly described herein.

3. This affidavit is submitted in support of the Application of the United States of America for a Seizure Warrant authorizing the seizure of United States currency totaling $73,950 contained in account number 24428745 held in the name of Gordon W. Stewart at Wilmington Trust Company, 1100 N. Market Street, Wilmington, Delaware 19890.

### Legal Background

4. Title 31, United States Code, section 5313 and 31 C.F.R. 103 of the Bank Secrecy Act (BSA) require any financial institution that engages with a customer in a currency transaction (i.e., a deposit or withdrawal) in excess of $10,000 to report the transaction to the Internal Revenue Service on Department of the Treasury FinCEN Form 104, Currency Transaction Form ("CTR"). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person, and they result in currency either received or disbursed by the financial institution totaling more than $10,000 during any one business day.

5. Currency Transaction Reports are often used by law enforcement to uncover a wide variety of illegal activities including narcotics trafficking and money laundering. Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps to attempt to cause financial institutions to fail to file CTRs. These active steps are often referred to as "smurfing" or "structuring" and involve making multiple cash deposits, in amounts no greater than $10,000, to multiple banks and/or branches of the same bank on the same day or consecutive days. Structuring is prohibited by 31 U.S.C. 5324(a)(3).

6. In order to establish the crime of structuring transactions to evade reporting requirements, the Government must prove that, for the purpose of evading the reporting requirements of section 5313(a) or any regulation proscribed under any such section, the subject structured or assisted in structuring, or attempted to structure or assist in structuring, any transaction with one or more domestic financial institution in an amount greater than $10,000.

7. I am advised that 31 U.S.C. § 5317 provides for the forfeiture of "any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy," and that such property shall be forfeited in accordance 18 U.S.C. § 981(a)(1)(A).

8. I am advised that, in order to obtain a seizure warrant in a forfeiture case, the Government has the initial burden of showing probable cause to believe that a substantial connection exists between the property and the criminal activity (in this case, violations of the currency transaction reporting requirements of 31 U.S.C. § 5324(a)). *United States v. One 1987 Mercedes Benz 300E*, 820 F. Supp. 248, 251 (E.D. Va. 1993). I am further advised that "probable cause" means simply a reasonable ground for belief that goes beyond mere suspicion but need not amount to prima facie proof. Id. at 251-52. This standard requires courts to make a practical, common sense decision whether, given all the circumstances, fair probability exists that the property to be forfeited was involved in or the subject of a transaction violating 5324. Id. See also *United States v. Thomas*, 913 F.2d 1111, 1114 (4th Cir. 1990).

9. I am further advised that, pursuant to 18 U.S.C. 981, civil forfeiture is triggered by the structuring of cash deposits in violation of 31 U.S.C. § 5324, and that, as the Supreme Court has noted, willfulness is not an element of a civil forfeiture action for property involved in a structuring violation. *United States v. Ratzlaf*, 510 U.S. 135, 146 n.16 (1994). Thus, for purposes of seizure of the accounts containing structured cash deposits, it simply does not matter whether the structuring was accomplished *willfully*. Accordingly, this affidavit need only show probable cause that cash deposits into the Stewart account in excess of $10,000 were divided into amounts less than that amount for deposit in such a manner so as to avoid the filing of CTRs.

10. I am advised that, in pertinent part, 18 U.S.C. § 984 (a) provides:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution -
> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
> (2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

Therefore, pursuant to 18 U.S.C. § 984, this affidavit need not demonstrate that the monies now in the Gordon W. Stewart account at Wilmington Trust Company are the same monies that were structured into the account, so long as the forfeiture is sought for other funds on deposit in that same account.

## Facts of this Case

11. The Internal Revenue Service Criminal Investigation Division received information concerning suspicious currency transactions involving Gordon W. Stewart's personal checking account, account number 24428745, held at Wilmington Trust Company in Delaware ("the subject account"). Banking records further reflect that Stewart opened the subject account on November 2, 1987, and has sole signature authority for this account.

12. A subsequent review of bank statements indicates that between May 16 and 31, 2006, an eleven business day period of time, nine currency deposits ranging from $3,500 to $9,950, totaling $73,950, were made into the subject account which is a **personal** checking account, not a business account.

13. I prepared the following chart based on a review of the subject account for May 2006. The chart illustrates the "structuring" of cash deposits:

| Deposit Date | Amount | Branch Location |
|---|---|---|
| 05/16/2006 (Tuesday) | $9,000.00 | 10th & Market Streets |
| 05/17/2006 (Wednesday) | $9,500.00 | 10th & Market Streets |
| 05/18/2006 (Thursday) | $9,500.00 | 10th & Market Streets |
| 05/22/2006 (Monday) | $9,000.00 | 10th & Market Streets |
| 05/23/2006 (Tuesday) | $9,500.00 | 10th & Market Streets |

| | | |
|---|---|---|
| 05/25/2006 (Thursday) 2:37 PM | $5,000.00 | 10th & Market Streets |
| 05/25/2006 (Thursday) 3:50 PM | $3,500.00 | 10th & Market Streets |
| 05/26/2006 (Friday) | $9,950.00 | 10th & Market Streets |
| 05/31/2006 (Wednesday) | $9,000.00 | 10th & Market Streets |
| Total Currency Deposits | $73,950.00 | |

14. Investigation has identified Stewart as an attorney with Stewart and Associates, Suite 1400, Nemours Building, 1007 N. Orange Street, Wilmington, DE 19801. Stewart and Associates advertises on the Internet at www.delawarecorporatelaw.com that the Firm "has substantial experience in advising and assisting clients ranging from large publicly traded companies to privately owned enterprises. With offices in Delaware, Nevada, and Maine, as well as a Cayman affiliate, our practice focuses on the use of special purpose entities in order to achieve a variety of tax and business planning goals."

15. On July 22, 2004, February 7, 2005 and February 1, 2006, Stewart filed Foreign Bank and Financial Accounts Reports (FBARs) with the United States Department of Treasury. The FBARs reflected that Hughes Supply Inc. was the owner of a foreign account at Scotia Bank in the Cayman Islands. Your affiant believes that Stewart was aware of the U.S. Department of Treasury regulations regarding ownership of foreign bank accounts and was filing the FBARs on behalf of his client, Hughes Supply Inc. Likewise, your affiant believes that Stewart, as an attorney with a firm that specializes in tax and business planning, is aware of the requirements for a financial institution to file a CTR if the institution engages with a customer in a currency transaction in excess of $10,000.

16. Further investigation found that in April and September of 2005 Stewart conducted structured cash withdraws from the subject account. On April 26, 2005, Stewart conducted a multiple cash withdraw transaction totaling $18,500. On both September 14 and 15, 2005, Stewart withdrew $9,500 in currency. These cash transactions further support a finding that Stewart had knowledge of the currency reporting requirements.

17. In my training and experience, the use of multiple deposits on the same day, consecutive days, or over a short period of time is consistent with a scheme to deliberately avoid having CTRs filed. I know that individuals who acquire cash in the course of their trade, business, or personal ventures routinely make significant cash deposits into their bank accounts. Furthermore, I know that people who acquire cash in the course of their trade or business routinely deposit such cash into a **business**, rather than a **personal** bank account. Moreover, such individuals routinely make significant deposits that do not consist of round numbers such as exactly $8,900.00, $9,000.00, or

$9,900.00. Instead, individuals who routinely acquire cash in their trade, business, or personal ventures generally deposit different amounts of money that are not "even" amounts, such as $3,455.12, $5,440.37, or $10,300.80. I also know that when individuals who do not routinely make cash deposits over $5,000.00 actually make multiple cash deposits in amounts such as $8,900.00, $9,000.00, or $9,900.00 over a short period of time, they often are breaking a larger amount of money into separate deposits of amounts less than $10,000.00 to avoid triggering the filing of a CTR. In short, when they do this, they are engaging in structuring. The bank records reflect that this is what Gordon W. Stewart did.

18. Based on the foregoing, your affiant submits that there is probable cause to believe that Gordon W. Stewart had in his possession a sum of currency at one time and then structured $73,950 in cash deposits between May 16 and May 31, 2006, in a manner designed to evade the filing of a FinCEN Form 104 (Currency Transaction Report) that is required for all cash transactions over $10,000. The transactions were conducted with a domestic financial institution and are in violation of 31 U.S.C. § 5324.

19. Wherefore, it is hereby requested that Special Agents of the Internal Revenue Service be authorized to seize the contents, up to a total of $73,950, of account number 24428745 held in the name Gordon W. Stewart at Wilmington Trust Company, 1100 North Market Street, Wilmington, Delaware 19890, as property involved in, or fungible to violations of 31 U.S.C. § 5324. As such, the contents of the subject account, up to a total of $73,950, are subject to seizure and forfeiture to the United States pursuant to the provisions of 18 U.S.C. §§ 981 and 984.

Robert Delgado, Special Agent
Internal Revenue Service

SWORN AND SUBSCRIBED TO THIS
____ day of _____, 2006

Honorable Mary Pat Thynge
United States Magistrate Judge